AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Western Washington |
|---|---|
| Name (under which you were convicted): Miguel A. Trujeque-Magana | Docket or Case No.: |
| Place of Confinement : Stafford Creek Corrections Center | Prisoner No.: 393119 |
| Petitioner (include the name under which you were convicted) Miguel A. Trujeque-Magana aka Jorge Ricardo Gongora-Chi | v. Respondent (authorized person having custody of petitioner) Dan Van Ogle and Ron Haynes, Washington State Department of Corrections |
| The Attorney General of the State of: Washington | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Clark County Superior Court (Washington), Vancouver, Washington

   (b) Criminal docket or case number (if you know): 15-1-02180-0

2. (a) Date of the judgment of conviction (if you know): 08/12/2016

   (b) Date of sentencing: 08/12/2016

3. Length of sentence: 240 months

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Possession with Intent to Deliver Heroin, Possession with Intent to Deliver Cocaine with Firearm Enhancement; Felon in Possesion of Firearm in the First Degre (2 counts); Alien in Possesion of Firearm Without Alien Firearm License

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ____________________

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Washington State Court of Appeals, Division Two

(b) Docket or case number (if you know): 49601-1-II (consol with 49633-0-II)

(c) Result: Affirmed

(d) Date of result (if you know): 02/06/2019

(e) Citation to the case (if you know): 7 Wn. App. 2d 1038 (2019) (unpub.)

(f) Grounds raised: 1. Error not to enter findings and conclusions from CrR 3.6. hearing; 2. Error not to suppress evidence from warrantless detention and search; 3. Insufficient evidence to sustain convictions in Counts 1, 4, 6, 7 and 8; 4. Insufficient evidence that Mr. Trujeque was "armed" at time of Count 4; 5. Error not to dismiss for failure to turn over exculpatory evidence; 5. Error not to reveal identity of confidential informant; 6. Improper opinion and conclusion testimony; 7. RCW 9.41.171 violated equal protection; 8. Counts 1, 4, 6, 7 and 8 were the same criminal conduct; 9. Errror for determining maximum sentence for Count 4 was 240 months.

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: Washington State Supreme Court

(2) Docket or case number (if you know): 96926-4

(3) Result: Review denied

(4) Date of result (if you know): 06/05/2019

(5) Citation to the case (if you know): 193 Wn.2d 1016 (2019)

(6) Grounds raised: See attached page

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Washington Court of Appeals, Division Two

(2) Docket or case number (if you know): 53697-8-II

(3) Date of filing (if you know): 07/01/2019

(4) Nature of the proceeding: Personal Restraint Petition

(5) Grounds raised: Abuse of discretion not to run firearm enhancement and school bus route enhancement concurrently

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: PRP denied

**Attachment A**

Page 4, ¶ 9(g)(6) Grounds Raised in WA Supreme Court

1. Whether someone who is under arrest can be "armed" with a firearm discovered the next day at a different location?

2. Whether someone who signs a rental agreement for an apartment with two others and whose shirt is found in a bedroom six months later has dominion and control over contraband in the bedroom's closet?

3. Should the WA Supreme Court extend its holding in *State v. Ferrier*, 136 Wn.2d 103, 960 P.2d 927 (1998), to require the police on the street to inform someone of the right to refuse to consent to a search?

4. Was there was sufficient evidence that Mr. Trujeque was in possession of heroin found in another person's purse during a traffic stop?

5. Was there a reasonable suspicion for the police to have stopped Mr. Trujeque's car?

6. Was Mr. Trujeque improperly convicted based upon inadmissible opinion and conclusion testimony?

7. Was the State's refusal to turn over exculpatory evidence is harmless given the State's theory of the case?

8. Should the trial court have ordered disclosure of a confidential informant who could have testified that Mr. Trujeque was not involved in the co-defendant's drug business?

9. Is the alien in possession of a firearm statute unconstitutional because it gives preferences to Canadian nationals?

10. Were various counts the same criminal conduct?

11. Is the maximum term of imprisonment that is doubled under RCW 69.50.435 the statutory maximum or the top end of the standard range?

(8) Date of result (if you know): 03/17/2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes ❐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: ______

(8) Date of result (if you know): ______

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☑ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

unknown

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** 1. There was insufficient evidence under the Due Process Clause of the Fourteenth Amendment that Mr. Trujeque was armed with a firearm during the commission of Count 4

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Trujeque was arrested on a highway on November 4, 2015, and jailed. The police searched an apartment the next day and found drugs and two firearms. The drugs in this count formed the basis for Count 4 (possession with intent to deliver cocaine. The two firearms led to an additional 10 years being added to the sentence. There was insufficient evidence to sustain the findings that Mr. Trujeque was armed during the commission of Count 4

(b) If you did not exhaust your state remedies on Ground One, explain why: ______

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The issue was raised in the direct appeal and Washington does not allow prisoners to re-raise direct appeal issues in post-conviction petitions.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** There was insufficient evidence to sustain convictions for Counts 4, 6, 7 and 8 in in violation of the Due Process Clause of the Fourteenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counts 4, 6, 7 and 8 involved drugs and guns found inside a closet in an apartment. Although Mr. Trujeque signed a letter of intent to rent the apartment months earlier, with two other people, and a shirt he wore in a photograph was found in the closet, the State did not introduce any other evidence that would support the conclusion that Mr. Trujeque had dominion and control over the guns or drugs on the date in question. There was insufficient evidence to sustain convictions for these counts.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The issue was raised on direct appeal. Washington does not allow prisoners to re-raise issues from direct appeal to be re-raised in collateral attack petitions.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : ______

**GROUND THREE:** ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______________________

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: ______________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______________________

Name and location of the court where the motion or petition was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No -- all grounds in this petition have been raised in state court.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ______________________

(b) At arraignment and plea: Barry Engle, 12901 SE 97th Ave #395, Clackamas, OR 97015

(c) At trial: Barry Engle, 12901 SE 97th Ave #395, Clackamas, OR 97015

(d) At sentencing: Barry Engle, 12901 SE 97th Ave #395, Clackamas, OR 97015

(e) On appeal: Neil Fox, 2125 Western Ave. Suite 330, Seattle, WA 98121

(f) In any post-conviction proceeding: Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: ______________________

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

______________________

(b) Give the date the other sentence was imposed: ______________________

(c) Give the length of the other sentence: ______________________

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The one-year began running when the WA Supreme Court denied review of the direct appeal on 6/5/19 plus 90 days to seek cert (or 9/3/19). The time was tolled when the PRP was filed on 7/1/19 until the Certificate of Finality was issued on 9/29/20 (26 days elapsed). There were 429 days left to file in federal court and that time expires on December 2, 2021. This is a timely petition.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: vacate the convictions in Counts 4, 6, 7 and 8 and the firearm enhancement in Count 4.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)
Neil M. Fox

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ __________ (month, date, year).

Executed (signed) on 10/12/21 (date).

~~Signature of Petitioner~~ Neil M. Fox Attorney after.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

I am the attorney for Mr. Trujeque & have authorization to file on his behalf.

Verification

I, Neil M. Fox, hereby verify that I am the attorney for Miguel A Trujeque-Magana (aka Jorge Ricardo Gongora-Chi). I am filing this Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on behalf of Mr. Trujeque-Magana at his request. I am verifying the petition and know that the facts set forth in the petition are true, either from my own personal knowledge or upon information and belief.

I certify or declare under penalty of perjury that the foregoing is true and correct.

10/12/21 Seattle WA
DATE AND PLACE

NEIL M. FOX