UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIGUEL A TRUJEQUE-MAGANA,

            Petitioner,

v.

DAN VAN OGLE,

            Respondent.

Case No. 3:21-cv-5755 JHC-TLF

REPORT AND RECOMMENDATION

**Noted for August 12, 2022**

Petitioner Miguel Trujeque-Magana, a prisoner at Stafford Creek Corrections Center, has filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Dkt.1. Mr. Trujeque-Magana seeks relief from his 2016 conviction and sentence for four counts of drug and firearm enhancements. *Id.* at 2; Dkt. 7, Exhibit 1 ("Judgement and Sentence, *State v. Trujeque-Magana*, Clark County Cause No. 15-1-02180-0"). Petitioner presents two grounds for *habeas* relief: (1) there was insufficient evidence under the Due Process Clause of the Fourteenth Amendment that he was armed with a firearm during the commission of Possession of a Controlled Substance with Intent to Deliver Cocaine; and (2) there was insufficient evidence to sustain convictions for Possession of a Controlled Substance with Intent to Deliver Cocaine, Unlawful Possession of a Firearm First Degree, and Alien in Possession of a Firearm. Dkt. 1 at 6, 8.

In addition, petitioner has requested an evidentiary hearing in this matter. For the reasons set forth below, the undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED as time barred. Also, for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

REPORT AND RECOMMENDATION - 1

The Washington State Court of Appeals, Division II summarized the facts of the case in its unpublished decision. Dkt. 7, Exhibit 2 ("Unpublished Opinion, *State v. Trujeque-Magana*, Court of Appeals Cause No. 49601-1-I") at 3. The trial facts are not relevant here and will therefore not be discussed.

I. DISCUSSION

A. State Court Procedural History

On August 12, 2016, a jury convicted Mr. Trujeque-Magana of possession with intent to deliver heroin, possession with intent to deliver cocaine with firearm enhancement, felon in possession of firearm in the first degree (2 counts) and alien in possession of firearm without alien firearm license. Dkt. 7, at 2 (State's Exhibit 1, Judgment and Sentence, *State v. Trujeque-Magana*, Clark County Cause No. 15-1-02180-0). Mr. Trujeque-Magana appealed his conviction to the Washington Court of Appeals. On February 6, 2019, the Washington Court of Appeals affirmed his conviction and sentence. Dkt. 7, at 53 (State's Exhibit 2, Unpublished Opinion, *State v. Trujeque-Magana*, Court of Appeals Cause No. 49601-1-I).

Mr. Trujeque-Magana then sought review by the Washington Supreme Court. Dkt. 7, at 282 (State's Exhibit 7, Petition for Review, *State v. Trujeque-Magana*, Supreme Court Cause No. 96926-4). The Washington Supreme Court denied his petition for review on June 5, 2019. Dkt. 7, at 333 (State's Exhibit 8, Order, *State v. Trujeque-Magana*, Supreme Court Cause No. 96926). Mr. Trujeque-Magana did not seek certiorari by the United States Supreme Court.

The Court of Appeals issued a mandate to the trial court on June 12, 2019. Dkt. 7, at 337-38 (State's Exhibit 9, Mandate, *State v. Trujeque-Magana*, Court of Appeals Cause No. 49601-1-I). The Court of Appeals issued an amended mandate to the trial

REPORT AND RECOMMENDATION - 2

court on April 17, 2020. Dkt. 7, at 338 (State's Exhibit 10, Amended Mandate, *State v. Trujeque-Magana*, Court of Appeals Cause No. 49601-1-II).

On July 2, 2019, Mr. Trujeque-Magana filed a personal restraint petition (PRP). Dkt. 7, at 341 (State's Exhibit 11, Personal Restraint Petition, Court of Appeals Cause No. 53697-8-II). On March 17, 2020, the Court of Appeals denied the petition. Dkt. 7, at 383 (State's Exhibit 14, Opinion, *In re Trujeque-Magana*, Court of Appeals Cause No. 53697-8-II). On September 29, 2020, the Court of Appeals issued a certificate of finality. Dkt. 7, at 387 (State's Exhibit 15, Certificate of Finality, Court of Appeals Cause No. 53697-8-II).

Mr. Trujeque-Magana filed his federal habeas corpus petition on October 12, 2021.

B. <u>Time Bar under 28 U.S.C. 2254 (d)(1)</u>

Respondent, in his answer to Mr. Trujeque-Magana's federal habeas petition, argues the petition is untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed. Dkt. 6, at 14.

There is a one-year time limit to file a Section 2254 federal habeas corpus petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The limitation period may run from a later date under the following circumstances: First, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action. 28

U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, Mr. Trujeque-Magana did not seek certiorari by the United States Supreme Court, which would have had a deadline of September 5, 2019. *See* U.S.Sip.Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment). The statute of limitations would normally start to run on September 5, 2019 pursuant to 28 U.S.C. § 2244(d)(1)(A). However, because Mr. Trujeque-Magana had already filed a PRP on July 3, 2019, the statute of limitations period was tolled immediately while it was pending in state court. 28 U.S.C. § 2244(d)(2).

The period from September 5, 2019 to September 29, 2020- the date on which the Court of Appeals issued a certificate of finality – is not counted as part of the statute of limitations calculation. Because petitioner filed his PRP before September 5, 2019,

REPORT AND RECOMMENDATION - 4

petitioner still had a full 365 days, starting on September 29, 2020, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). But Mr. Trujeque-Magana filed his petition October 12, 2021 -- after the 365-days had expired on September 29, 2021 -- and therefore his petition is time-barred.

Petitioner argues that he had a total of 455 days to file his petition and consequently, his petition is timely. Dkt. 8 at 2. He cites to *Etienne v. Edmark*, to support his argument. 18-cv-1156-SM, 2020 U.S. Dist. LEXIS 5952 at *3 & n. 1 (D.N.H., Jan. 14, 2020). In *Etienne*, the petitioner did not file a state habeas petition until 364 days after the state Supreme Court decision and then still had 91 days to file a federal habeas petition after the state court habeas petition concluded. Similarly, in *Garrett v. Bradshaw*, another case cited by Mr. Trujeque-Magana, the petition was filed one year and 90 days after the state Supreme Court decision. However, there was no intervening personal restraint petition filed.

In this case, petitioner filed a personal restraint petition which tolled the limitations period. The statute does not state that the time to file a petition for certiorari is tolled while a personal restraint petition is pending. Therefore, petitioner is not allowed an additional 90 days to file his petition.

## EVIDENTIARY HEARING

"A state court need not conduct an evidentiary hearing to resolve every disputed factual question." *Gulbrandson v. Ryan,* 738 F.3d 976, 987 (9th Cir. 2013). A state court is not required to hold an evidentiary hearing if – even assuming the petitioner's allegations of fact were true – the allegations would not support relief. *Hibbler v. Benedetti,* 693 F.3d 1140, 1147-48 (9th Cir. 2012).

Mr. Trujeque-Magana's petition is barred by the statute of limitations, 28 U.S.C. 2254 (d)(1); he has not alleged any exceptions, and he has not made a showing that he is entitled to an evidentiary hearing in this case.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied**.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 12, 2022** as noted in the caption.

1  Dated this 26th day of July, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7